UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JUSTIN SCHULEY, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>RICHARD BROWN Superintendent, )<br>)<br>Respondent. ) | No. 2:16-cv-00284-WTL-DKL |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Justin Schuley for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. WVD 16-03-0050. For the reasons explained in this Entry, Schuley's habeas petition must be **denied**.

**Discussion**

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On March 7, 2016, Correctional Officer F. Allen issued a Report of Conduct charging Schuley with assault with a weapon in violation of Code A-102. The Report of Conduct states:

> On 3-7-16 at approx. 8:04 pm I, C/O F. Allen was assigned to north yard when a 10-10 was called out for EHU core area. I was first to respond and witnessed Offender Schuley, Justin #238991 striking Offender Griffin, Michael #213400 with what appeared to be a lock attached to a string. I gave clear verbal orders for Offender Schuley to stop and he did not comply. I administered a one second burst of OC to the target area of Offender Schuley and he complied with my orders to stop. Both offenders were placed in mechanical restraints with no further incident.

Schuley was notified of the charge on March 9, 2016, when he was served with the Report of Conduct and the Notice of Disciplinary Hearing (Screening Report). The Screening Officer noted that Schuley did not request any witnesses or evidence.

The Hearing Officer conducted a disciplinary hearing on March 10, 2016. The Hearing Officer noted Schuley's statement, "That sounds about right." Relying on the staff reports, statement of the offender, confiscation slip, and photos, the Hearing Officer determined that Schuley had violated Code A-102.

The sanctions imposed included a written reprimand, one month of phone restriction, one year of disciplinary segregation, restitution for medical bills of the victim, the deprivation of 54 days of earned credit time, and the demotion from credit class I to III. The Hearing Officer imposed the sanction because of the seriousness and nature of the offense and the degree to which the violation disrupted or endangered the security of the facility.

Schuley's appeals were denied and he filed the present petition for a writ of habeas corpus.

### C. Analysis

Schuley argues that his due process rights were violated because, in addition to the disciplinary sanction, outside charges for battery were also brought against him. The respondent argues that because Schuley did not raise this issue in his appeals, it is procedurally defaulted. The respondent further argues that to the extent Schuley's challenge is based on an alleged violation of Indiana Department of Correction (IDOC) policy, such a violation does not amount to a deprivation of due process. Finally, the respondent argues that the filing of outside charges as well as disciplinary charges does not violate the right protected Double Jeopardy Clause of the Fifth Amendment to be free from multiple prosecutions or multiple punishments for the same offense.

First, as the respondent points out, the only challenge raised in Schuley's disciplinary hearing appeal was an argument that the sanction was excessive. To obtain review of a claim for habeas relief, a prisoner must first exhaust his state administrative remedies. *Markham v. Clark*, 978 F.2d 993, 995–96 (1992); *see* 28 U.S.C. § 2254(b)(1)(A), (c). Exhaustion requires that the prisoner present each claim he seeks to raise in his habeas petition at each level of the administrative appeals process. *Markham*, 978 F.2d at 995-96; *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). But it appears that the outside charges against Schuley were brought after he filed his disciplinary hearing appeals. The Court will not find, therefore, that Schuley failed to exhaust this argument.

Next, to the extent that Schuley argues that IDOC policy was violated, this does not state a due process claim. *See Evans v. McBride,* 94 F.3d 1062 (7th Cir. 1996); *Keller v. Donahue,* 2008 WL 822255, 271 Fed.Appx. 531, 532 (7th Cir. Mar. 27, 2008) (in a habeas action, an inmate "has no cognizable claim arising from the prison's application of its regulations.");

*Hester v. McBride*, 966 F. Supp. 765, 774-75 (N.D.Ind. 1997) (violations of the Indiana Adult Disciplinary Policy Procedures do not state a claim for federal habeas relief).

Finally, Schuley has not shown that the combination of the prison disciplinary sanction and outside charges for the same conduct violate his right to be free from multiple punishments for the same offense. This is because prison discipline is not a "prosecution" for double jeopardy purposes. *Meeks v. McBride*, 81 F.3d 717, 722 (7th Cir. 1996). Thus, the application of prison discipline in addition to state criminal charges does not violate double jeopardy. *Garrity v. Fiedler,* 41 F.3d 1150, 1152–53 (7th Cir. 1994).

### D.  Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. For the reasons discussed above, there was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Schuley to the relief he seeks. Accordingly, Schuley's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 3/6/17

*[signature: William T. Lawrence]*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Marjorie H. Lawyer-Smith
INDIANA ATTORNEY GENERAL
marjorie.lawyer-smith@atg.in.gov

JUSTIN  SCHULEY 238991
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only